# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDERO ROBINSON, <br> # M13893 <br>     Plaintiff, <br> vs. <br> NICK LAMB, <br> MEDICAL DIRECTOR, <br> NURSE JANE DOE, <br> WEXFORD MEDICAL SERVICES, <br>     Defendants. | Case No. 18-cv-12-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Cordero Robinson, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff raises a deliberate indifference claim pertaining to his treatment (or lack thereof) for a brown recluse spider bite.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff has named Nick Lamb (Warden), the Medical Director of Lawrence Correctional Center, Jane Doe Nurse, and Wexford Medical Services as Defendants. (Doc. 1, pp. 1-2). Plaintiff's Statement of Claim, in its entirety, is as follows:

> On April 23, 24, 2017; June 22, 23, 2017; I was being denied medical treatments regarding two brown recluse spiders bites here at Lawrence Inmate Healthcare Unit. Right now experience excruciating pain in forearm on the right side, my left leg hurts to walk, and left side face.

(Doc. 1, p. 5).

**Discussion**

Plaintiff's allegations suggest that he is attempting to assert one or more Eighth Amendment claims for deliberate indifference to a serious medical need. Unfortunately, however, Plaintiff does not provide enough information to allow the Court to determine who was

2

personally involved in the alleged constitutional violation or violations. Indeed, none of the Defendants are even mentioned in the body of the complaint.

"Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S .C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir.1992). Section 1983 does not create collective or vicarious responsibility. *Id*.

If Plaintiff wants to pursue a claim or claims regarding inadequate medical care for his spider bite, he must file an amended complaint. The amended complaint should identify who denied Plaintiff medical care and/or who provided Plaintiff with inadequate treatment for his spider bite. For instance, in describing the grievance procedures he followed, Plaintiff says "they denied me the proper medical treatment and just gave some Tylenol, cream. I ask[ed] for a technical (medical) shot but they refused to do it." (Doc. 1, p. 4). In his amended complaint, Plaintiff should explain who "they" are (a nurse, a doctor, a physician's assistant). If known, Plaintiff should identify these individuals by name and describe how they were involved in his medical treatment. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (e.g., John Doe 1 (doctor working on April 28, 2017), John Doe 2 (nurse who provided Tylenol on April 28, 2017). Finally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

## Motion for Recruitment of Counsel

Plaintiff also has filed a Motion for Recruitment of Counsel. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir.2007). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

As to the first question, Plaintiff did not provide sufficient information for the Court to determine if he has made a reasonable effort to obtain counsel on his own. As to the second question, Plaintiff indicates that English is not his primary language and that he has some high school education. Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. The Complaint and attached grievances demonstrate Plaintiff has a clear grasp of the English language. He demonstrates an ability to construct coherent sentences and organize his claims into a cohesive pleading. At this juncture, the Court is merely concerned with whether

this action can get out of the gate, so to speak. All that is required is for Plaintiff to identify the individuals that allegedly denied him medical care and describe their actions. No legal training or knowledge is required to do this. Therefore, the recruitment of counsel is not warranted at this time, and the motion is **DENIED**. The Court will remain open to the appointment of counsel in the future.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **March 5, 2018**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (*i.e.* 18-cv-12-NJR).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint.

Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 29, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**