# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDERO ROBINSON, ) <br> # M13893 ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NICK LAMB, ) <br> WEXFORD MEDICAL SERVICES, ) <br> Y. SHRIYARN, ) <br> LORIE CUNNINGHAM, ) <br> N. BAKER, ) <br> WEXFORD MEDICAL PROVIDERS, ) <br> L. HARVEY, and ) <br> L. LAMP, ) <br> ) <br> Defendants. ) | Case No. 18-cv-12-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Cordero Robinson, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff brings claims pertaining to his treatment (or lack thereof) for a brown recluse spider bite.

This case is now before the Court for a preliminary review of the First Amended Complaint (Doc. 7)[1] pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] The original Complaint did not provide enough information to allow the Court to determine who was personally involved in the alleged constitutional violation or violations. Accordingly, it was dismissed without prejudice and with leave to amend. (Doc. 6).

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the First Amended Complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The First Amended Complaint

Plaintiff has named Nick Lamb (Warden), Y. Shriyarn (Medical Director), Lorie Cunningham (Health Care Administrator), N. Baker (Licensed Practical Nurse), L. Harvey (Registered Nurse), L. Lamp (Licensed Practical Nurse), Wexford Medical Services, and Wexford Medical Providers as Defendants. (Doc. 7, pp. 1-2). Plaintiff's statement of claim, in its entirety, is as follows:

> On April 23, 24, 2017; June 22, 23, 2017; I was being attacked and intentionally being denied the proper medical treatments such as a (Technical) shot regarding 2

brown recluse spider bites here at Lawrence inmate healthcare unit. Right now I am experienc[ing] excruciating pain in my forearm on the right side, and my left leg hurts from walking and my left side of my face also hurts with pain. See (Appendences/Affidavit).

(Doc. 7, p. 6).

Plaintiff has attached two affidavits to the First Amended Complaint, which state as follows:

> Everything in my (Lawsuit) pertaining to my being attacked by brown recluse spiders here at Lawrence Correctional Center in my room and being denied proper medical treatments here at the inmate healthcare unit by the defendants listed in my suit is true and I continuing suffering from the injuries on my forearm, left leg and face.

(Doc. 7, p. 10).

> On April 23, 24, 2017, and June 23, 2017, I was being denied medical treatments at Lawrence Correctional Center, inmate healthcare unit, regarding 2 brown recluses spiders bites. I am now suffering pain in my forearm on the right side and its hurt every time I walked to the [illegible] or any time out my cell on my left leg. Also, my face on the left side was swollen and hurts. I ask[ed] the nurse at the inmate healthcare unit for a tech shot to stop any infections or to [illegible], but she refused.

(Doc. 7, p. 19).

In addition, the First Amended Complaint includes Plaintiff's outpatient progress notes and several grievances. The outpatient progress notes indicate that, after complaining about a spider bite, Plaintiff was treated with topical antibiotics on April 26, 2017. (Doc. 7, p. 20). Plaintiff received follow-up care for his spider bite on April 30, 2017. (Doc. 7, p. 22). Plaintiff received medical treatment for a second spider bite on May 9, 2017 (cleansing of the wound, topical antibiotics, and pain medication). (Doc. 7, p. 23). Additional follow-up care for one or more spider bites is indicated on April 27, 2017, May 11, 2017, June 8, 2017, June 23, 2017, and June 27, 2017. (Doc. 7, pp. 27-28, 30-31).

According to the attached grievances, on two occasions (once in April 2017 and once in June 2017), Plaintiff observed one or more spiders in his cell. (Doc. 7, pp. 12-17). On both occasions,

Plaintiff directed complaints to the maintenance department and/or Warden Lamb. *Id*. Plaintiff suffered from spider bites in April and June 2017. *Id*. Although Plaintiff received medical care for the spider bites, he feels the care was inadequate, and he continues to suffer from pain. *Id.*

### **Dismissal of Certain Defendants**

*Wexford Medical Services*

Wexford Medical Services ("Wexford") is a corporation that employs health care providers at Lawrence and provides medical care to prisoners, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a Section 1983 action). The First Amended Complaint includes no allegations pertaining to policies or practices that can be attributed to Wexford. Accordingly, Wexford shall be dismissed without prejudice.

*Wexford Medical Providers*

Plaintiff has identified a group of individuals as a defendant. This is improper. To state a Section 1983 claim against an individual or entity, Plaintiff must specifically identify them, by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).[2] Instead, Plaintiff has attempted to implicate an amorphous collection of unnamed individuals in connection with his allegations, which is insufficient to state a claim. Accordingly, Wexford Medical Providers will be dismissed from this action with prejudice.

---

[2] Group defendants also create problems with service of process. *See Jenkins v. Wisconsin Res. Ctr.*, No. 09-CV-323-BBC, 2009 WL 1797849, at *1 (W.D. Wis. June 24, 2009) (a group of people cannot be sued; each defendant must be an individual or legal entity that may accept service of a complaint) (citing FED.R.CIV.P. 4(e)-(j)).

**Discussion**

Plaintiff is attempting to assert one or more Eighth Amendment claims for deliberate indifference to a serious medical need. Unfortunately, once again, Plaintiff does not provide enough information to allow the Court to determine who was personally involved in the alleged constitutional violation or violations. As with the original Complaint, none of the defendants are mentioned in the body of the First Amended Complaint. Further, the additional information contained in the attached exhibits does not describe how each Defendant failed to treat Plaintiff's spider bites. It is unclear which, if any, of the defendants was personally involved in treating Plaintiff and how he or she provided constitutionally inadequate medical care.

If Plaintiff wants to pursue a claim or claims regarding inadequate medical care for his spider bite, he must file an amended complaint. As the Court previously explained, in order to state a claim, the amended complaint must identify the individual or individuals who treated Plaintiff and describe how that treatment was inadequate.[3] In other words, the Second Amended Complaint should describe how Warden Lamb and the named medical providers (Shriyarn, Cunningham, Baker, Harvey, and Lamp) were involved in Plaintiff's medical care (assuming these individuals were involved in Plaintiff's medical care). It is not sufficient to identify these individuals in the case caption and then generally state that medical employees or staff denied Plaintiff treatment. If Plaintiff does not know the names of a particular treatment provider, he can refer to that individual by Doe designation (e.g., John Doe 1 (doctor working on April 28, 2017), John Doe 2 (nurse who provided Tylenol on April 28, 2017).

---

[3] "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir.1992). Section 1983 does not create collective or vicarious responsibility. *Id*.

### Motion for Recruitment of Counsel

Plaintiff has filed a second Motion for Recruitment of Counsel. (Doc. 8). The pending Motion for Recruitment of Counsel appears to be a photocopy of Plaintiff's original Motion for Recruitment of Counsel (Doc. 3), which was denied by the Court on January 29, 2018. (Doc. 6). Therefore, the second Motion for Recruitment of Counsel is denied on the same grounds. The Court will, of course, remain open to the appointment of counsel in the future.

### Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **WEXFORD MEDICAL SERVICES** is **DISMISSED without prejudice** and **WEXFORD MEDICAL PROVIDERS** is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to terminate these Defendants as parties in the Case Management/Electronic Case Filing ("CM/ECF") system.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before **July 6, 2018**. Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire action shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for this action (i.e. 18-cv-12-NJR).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail

Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    DATED:  June 5, 2018

    **NANCY J. ROSENSTENGEL**
    **United States District Judge**