IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDERO ROBINSON, ) | |
| # M13893, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-cv-12-NJR |
| ) | |
| NICK LAMB, ) | |
| GOUNS, ) | |
| SALVADOR GODINEZ, ) | |
| BALDWIN, ) | |
| A. MCCASLIN, and ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Cordero Robinson, an inmate of the Illinois Department of Corrections currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights with respect to his conditions of confinement pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff claims various officials responded with deliberate indifference to his complaints about a brown recluse spider infestation in his cell. In connection with his claims, Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for a preliminary review of the Second Amended Complaint (Doc. 13)[1] pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court must dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or

---

[1] The original Complaint did not provide enough information to allow the Court to determine who was personally involved in the alleged constitutional violation or violations. Accordingly, it was dismissed without prejudice and with leave to amend. (Doc. 6). The First Amended Complaint was dismissed for the same reason. (Doc. 9).

ask for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Second Amended Complaint

The defendants in this action are Nick Lamb (Warden), Gouns (Assistant Warden), Salvador Godinez (Former IDOC Director); John R. Baldwin (IDOC Director); A. McCaslin (Grievance Counselor); and John Doe (Maintenance Personnel). The body of the Second Amended Complaint directs claims against Correctional Officer Wells, but he is not identified as a defendant in the case caption or list of defendants.

According to the Second Amended Complaint, Plaintiff was bitten by a brown recluse spider in June 2017. (Doc. 1, p. 8). Plaintiff claims Defendants are subject to liability for his injury because they failed to address a known spider infestation in his cell, denied and/or ignored his grievances pertaining to a spider infestation in his cell, and/or "endorsed" poor maintenance practices pertaining to spraying for spiders. (Doc. 1, pp. 8-10). Plaintiff also complains about a pest infestation in the wing of Lawrence where his cell was located (in April and June 2017), inadequate cleaning supplies, and poor ventilation. (Doc. 1, p. 10).

The Court will discuss Plaintiff's allegations in further detail, as necessary, in analyzing Plaintiff's claims below.

## Preliminary Matter

The Second Amended Complaint directs several allegations against Officer Wells, but Wells has not been identified as a defendant in the case caption or list of defendants. Accordingly, any claims Plaintiff intended to bring against this individual are dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

2

## Merits Review Under § 1915(A)

Based on the allegations of the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit. Any claims not addressed in this Order should be considered dismissed without prejudice from this action.

**Count 1:**   Eighth Amendment claim against Defendants in connection with Plaintiff's June 2017 spider bite.

**Count 2:**   Eighth claim against Lamb, Gouns, Godinez, and Baldwin for "endorsing" poor conditions of confinement (pest infestation, poor ventilation, and inadequate cleaning supplies) in April and June 2017.

### Count 1

Plaintiff claims that, prior to June 2017, he suffered from spider bites "on many occasion[s]." (Doc. 13, p. 8). Plaintiff complained to Wells, a correctional officer (not a defendant in this case) about his spider bites and about spiders in his cell, but Wells refused to address the issue. *Id.* Instead, he threatened to write Plaintiff a disciplinary ticket and returned him to his cell. (Doc. 13, p. 9). On one occasion, in June 2017, Wells told Plaintiff he would contact John Doe in the maintenance department and Warden Lamb. (Doc. 13, p. 8). But nothing was done. *Id.* Plaintiff also claims that Warden Lamb and Counselor McCaslin ignored or denied his grievances pertaining to a spider infestation, and that Warden Lamb, Counselor McCaslin, and Officer Wells refused to contact maintenance personnel regarding the spider infestation. (Doc. 1, p. 9).

These claims are sufficient to allow Count 1 to proceed against Warden Lamb and Counselor McCaslin, to the extent that Plaintiff is alleging that they were aware of his predicament but failed to respond. *See Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Count 1, however, shall be dismissed without prejudice as to Assistant Warden Gouns, Former IDOC Director Godinez, IDOC Director Baldwin, and John Doe. To be held liable under § 1983, a state actor must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlaw*, 678 F.3d 552, 556 (7th Cir. 2008). There is no *respondeat superior* liability under § 1983. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Thus, Defendants Gouns, Godinez, and Baldwin cannot be held liable merely because they oversee prison operations. Instead, they must have known about the conditions in Plaintiff's cell, and also known that the conditions posed an excessive risk to Plaintiff's health or safety. Plaintiff has alleged no such facts. Plaintiff's conclusory assertion that these individuals "endorsed" poor maintenance practices (Doc. 13, p. 10) is also insufficient to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Finally, the minimal allegations as to John Doe, a maintenance worker who Officer Wells said he would contact, are insufficient to suggest deliberate indifference.

**Count 2**

Plaintiff references a "vermin infestation throughout the wings," an "inadequate ventilation system," and a "lack of cleaning supplies." (Doc. 13, p. 10). These conditions were apparently present in April and June 2017. *Id.* Plaintiff provides no further information pertaining to these conditions. He further claims that Defendants Lamb, Gouns, Godinez, and Baldwin "endorsed" these conditions. Considering the case law discussed above, Plaintiff's single conclusory allegation as to these individuals is insufficient to state a claim. Accordingly,

Count 2 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Notice of Pleading Change

Plaintiff has filed a pleading captioned "Second Amended Complaint/Notice of Ple[a]ding Change" ("Notice"). (Doc. 14). In the Notice, Plaintiff advises the Court that his original Complaint was written with the assistance of another inmate, and that the inmate made mistakes in relaying Plaintiff's claims. He also suggests that despite these mistakes, he feels his prior pleadings should not have been dismissed. Finally, Plaintiff asks the Court to consider exhibits attached to previous pleadings in reviewing his Second Amended Complaint. To the extent that Plaintiff is asking the Court to reconsider its previous dismissals, the request is denied. Plaintiff has not identified grounds warranting reconsideration at this time. *See* FED. R. CIV. P. 54(b). Further, as the Court previously advised Plaintiff, an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Thus, it is not necessary to explain any mistakes Plaintiff believes were made with respect to the original Complaint. Finally, as previously explained, the Court will not accept piecemeal amendments.

## Motion for Recruitment of Counsel

Plaintiff has filed a second Motion for Recruitment of Counsel (Doc. 12), which is **DENIED**.[2] Plaintiff discloses several unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. (Doc. 10, pp. 5-10). With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has "a very low IQ" and that he has some grade school education (Plaintiff's

---

[2] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

prior applications indicated that he had some high school education). Nonetheless, the Court finds that Plaintiff is capable of proceeding *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences, comply with deadlines, and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **LAMB** and **MCCASLIN. COUNT 1** is **DISMISSED** without prejudice as to **GOUNS, GODINEZ, BLADWIN,** and **JOHN DOE.**

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice.

The Clerk of the Court is **DIRECTED** to terminate **GOUNS, GODINEZ, BALDWIN,** and **JOHN DOE** as parties in the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS FURTHER ORDERED** that, with respect to **COUNT 1**, the Clerk of Court shall prepare for **LAMB** and **MCCASLIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each Defendant's place of employment. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 27, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**